**This order is SIGNED.**



**Dated: April 28, 2017**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No.: 16-21396 |
| MOUNTAIN WEST VALVE, INC. | Chapter 11 |
| Debtor. | Honorable William T. Thurman |

**FINDINGS AND CONCLUSIONS REGARDING DEBTOR'S THIRD AMENDED**
**SMALL BUSINESS CHAPTER 11 PLAN OF REORGANIZATION**
**DATED MARCH 31, 2017**

This matter came before the Court on April 28, 2017 at 10:00 a.m. (the "Confirmation Hearing") to consider confirmation of *Debtor's Third Amended Small Business Plan of Reorganization dated March 31, 2017* [Docket No. 233] (the "Plan") filed by Mountain West Valve, Inc., debtor-in-possession ("Debtor"). Val Dalling appeared on behalf of the Debtor, Richard C. Terry appeared on behalf of Swift Financial Corporation ("Swift"), and any other appearances were noted on the record.

Based upon the evidence received at the Confirmation Hearing, the proffered testimony of Jennifer Huebner in support of confirmation of the Plan, other papers filed concerning the Plan, the statements of counsel and other matters of record, having inquired into the legal

sufficiency of the evidence adduced, and good cause appearing, **THE COURT HEREBY FINDS AND CONCLUDES**[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice.</u> This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and Interest Holders entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. Pro. 7052.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as defined in the Plan.

D.  <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E.  <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F.  <u>Creditors' and Interest Holders' Acceptance of Plan</u>. Based on the Court's review of the Ballot Register [Docket No. 246], Classes of Creditors entitled to vote under the Plan have accepted the Plan by (a) affirmatively voting to accept the Plan, or (b) by opting neither to vote nor to object to confirmation. Class 1 (Secured claim of Internal Revenue Service) and Class 2 (Secured Claim of Swift Financial Corporation dba Swift Capital) have accepted the Plan. Class 3 (General Unsecured Claims) received one vote rejecting the Plan by Allied Valve. All others in Class 3 entitled to vote under the Plan have accepted the Plan.

G.  <u>Objections to Plan</u>. The deadline to object to confirmation of the plan was April 17, 2017 and the Court has not received an objection to confirmation of the Plan.

H.  <u>Plan Complies with Bankruptcy Code</u>. The Court finds that the Debtor's Plan meets the requirements of 11 U.S.C. § 1129(a)(1), specifically:

    a.  <u>Proper Classification</u>. The Plan complies with § 1122 (classification of claims and interests) as the Debtor has placed within each respective class only those claims

or interest which are substantially similar and the classification is not designed to manipulate voting or violate basic priority rights.

b. <u>Specify Unimpaired Class, Specify Treatment of Impaired Classes, No Discrimination.</u> The Plan complies with § 1123(a)(1) through (4) in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

c. <u>Implementation of the Plan</u>. The Plan complies with § 1123(a)(5) as it provides for adequate means for implementation.

d. <u>Corporate Charter Provision</u>. The Plan complies with § 1123(a)(6) because the articles of the Reorganized Debtor shall prohibit the issuance of nonvoting equity securities and the Plan provides for, as to the classes of securities possessing voting power, an appropriate distribution of such power among such Classes.

e. <u>Selection of Post-Confirmation Manager</u>. § 1123(a)(7) is satisfied as the Plan contain only provisions that are consistent with the interests of Creditors and Equity Security Holders and with public policy with respect to the manner of selection of Jennifer Huebner who will serve as the sole shareholder and President of the Reorganized Debtor with power to manage all of its day to day financial affairs and business operations.

f. <u>Payments from Future Income of the Debtor</u>. The Debtor is not an individual, and thus § 1123(a)(8) does not apply.

g.  <u>Additional Plan Provisions.</u> The Plan also complies with § 1123(b) as it provides for the treatment of all Claims and interests, assumption or rejection of Executory Contracts or unexpired leases of the Debtor, and includes other appropriate provisions not inconsistent with the Bankruptcy Code.

h.  <u>Bankruptcy Rule 3016(a).</u> The Plan complies with FRBP 3016(a) because the Plan is dated and identifies the Debtor as the entity submitting it.

I.  <u>The Plan and the Proponent Complies with the Bankruptcy Code.</u> The Plan therefore complies with applicable provisions of the Bankruptcy Code and satisfies the requirements of § 1129(a)(1) and (a)(2).

a.  The Debtor is a proper proponent of the Plan under § 1121(c).

b.  The Debtor complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

J.  <u>Plan Proposed in Good Faith.</u> § 1129(a)(3) is satisfied as the Plan has been proposed in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan. Among other things, the Court finds:

a.  the Debtor filed the Bankruptcy Case, and proposed the Plan, for a valid reorganizational purpose;

b.  neither the Bankruptcy Case nor the Plan were filed as a litigation tactic or for delay;

    c.   the Debtor has been, and is, actively prosecuting its Bankruptcy Case;

    d.   the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    e.   the Plan contemplates full payment or significant distributions of Allowed Claims in Classes 1 through 4;

    f.   the Debtor has sufficient funds to fully implement the Plan;

    g.   this is not a case involving a single asset or single creditor;

    h.   the Debtor has a reasonable possibility of successfully implementing the Plan and making significant distributions to holders of Allowed Claims; and

    i.   the Plan is feasible and practical, and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code

    K.  <u>Payments for Services or Costs and Expenses</u>. § 1129(a)(4) is satisfied as any payment made or to be made by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

    L.  <u>Manager of the Reorganized Debtor</u>. § 1129(a)(5) is satisfied as Jennifer Huebner has been identified throughout the Plan and Disclosure Statement and the appointment to, or continuance in, such office of Ms. Huebner, is consistent with the interests of Creditors and Equity Security Holders and with public policy.

M. <u>No Rate Changes</u>. The Plan complies with § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

N. <u>Best Interests of Creditors Test</u>. § 1129(a)(7) is satisfied because each holder of a Claim or interest of such Impaired Class will receive at least as much as it would if the Debtor was liquidated under chapter 7 of this title, thus the Plan is in the best interest of the creditors.

O. <u>Acceptance by All Classes</u>. § 1129(a)(8) is satisfied.  Per the Ballot Register, each Class of Claims entitled to vote has accepted the Plan either by (a) affirmatively voting to accept the Plan, or (b) by opting neither to vote nor to object to confirmation.

P. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. § 1129(a)(9) is satisfied because allowed Administrative Expense Claims will be paid in full as provided for in the Plan. Priority Tax Claims will be paid in full as provided for in the Plan.

Q. <u>Acceptance by at Least One Impaired Class</u>. § 1129(a)(10) is satisfied as the Plan has been accepted by at least one impaired, non-insider class.

R. <u>Feasibility.</u> § 1129(a)(11) is satisfied as confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan.

S. <u>Payment of Fees</u>. § 1129(a)(12) is satisfied because fees payable under 28 U.S.C. 1930 are provided for in the Plan.

T. <u>Continuation of Retiree Benefits</u>. § 1129(a)(13) is satisfied because the Debtor has no obligation to pay retiree benefits subject to § 1114

U. <u>No Domestic Support Obligations; Projected Disposable Income; Transfers Will Comply with Nonbankruptcy Law.</u> §§ 1129(a)(14) - 1129(a)(16) are not applicable as Debtor is not an individual and has not proposed to transfer property under the Plan.

V. <u>Fair and Equitable; No Unfair Discrimination</u>. All Classes of Claims and Interests have accepted the Plan, and thus compliance with § 1129(b) is not required with respect to Claims and Interests.

W. <u>No Other Plan</u>. No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

X. <u>Principle Purpose of Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Plan satisfies the requirements of § 1129(d).

Y. <u>Small Business Case</u>. This is a small business case. On February 3, 2017, the Court entered an Order Granting Debtor's Motion to Extend Deadline under Bankruptcy Code § 1129(e) through and including April 30, 2017. [Docket No. 208]. Therefore, § 1129(e) is satisfied, as the Court will enter an Order Confirming the Plan on or before April 30, 2017.

In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

**[END OF DOCUMENT]**

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING DEBTOR'S THIRD AMENDED SMALL BUSINESS CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 31, 2017** shall be served to the parties and in the manner designated below:

**By Electronic Service:**
- Darwin H. Bingham     dbingham@scalleyreading.net, cat@scalleyreading.net
- Matthew K. Broadbent     matt@vannovalegal.com, vannova.ecf@gmail.com
- Thomas E. Coughlin     tcoughlin@jaffelaw.com
- Val Dalling     val@vannovalegal.com, vannova.ecf@gmail.com
- Adelaide Maudsley     amaudsley@kmclaw.com, tslaughter@kmclaw.com
- John T. Morgan tr     john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Richard C. Terry     richard@tjblawyers.com, cbcecf@yahoo.com
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail –**

**Mountain West Valve, Inc.**
550 West 3615 South
Salt Lake City, UT 84115
SALT LAKE-UT

**United States Trustee**
Ken Garff Bldg.
405 South Main Street Suite 300
Salt Lake City, UT 84111

**Val Dalling, III**
Vannova Legal, PLLC
49 West 9000 South #1
Sandy, UT 84070

**Richard C. Terry**
TERRY JESSOP & BITNER
341 South Main Street, Suite 500
Salt Lake City, Utah 84111